UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN WATKINS LEIGH,<br><br>Plaintiff,<br><br>vs.<br><br>MORIARTY RENTALS, MARILYN MCKINNEY, STEVE MCKINNEY, and STEVEN J. BRITZMAN, ESQ,<br><br>Defendants. | 4:19-CV-04102-KES<br><br><br><br>ORDER DISMISSING CASE |

On June 17, 2019, Benjamin Watkins Leigh filed a pro se lawsuit alleging that defendants Moriarty Rentals, Marilyn McKinney, and Steve McKinney, harassed him and denied him his civil right to use the community room and to form a tenant's union at his elderly living center. Docket 1. On July 10, 2019, Leigh filed a supplement to his original complaint that added a new defendant, Steven J. Britzman. Docket 5. Leigh alleges that Britzman violated the Fair Housing Act. *Id.* at 1. Leigh also filed a motion for leave to proceed in forma pauperis and a motion to appoint counsel. Dockets 2, 3.

Leigh is a resident at Heritage Estates II in Brookings, South Dakota, which is owned by defendant Moriarty Rentals and managed by defendants Marilyn and Steve McKinney. Docket 1 at 1, 4. Leigh alleges several claims of harassment beginning on or about January 6, 2019. *Id.* at 4. Leigh claims that

Marilyn and Steve McKinney bar residents from the community room, restrict times the community room is open for meals, remove residents' possessions and food from the community room, act rudely to visitors, and commit other acts of "psychological abuse" against residents. *Id.* at 3-5; Docket 5. Leigh also alleges that Britzman endorses these management policies and interferes with tenants' rights to organize. Docket 5 at 1. Additionally, Leigh alleges that Moriarty Rentals filed a three-day notice to quit, signed by Britzman in his role as Moriarty Rentals' attorney, in order to begin eviction proceedings on May 24, 2019, after Leigh attempted to form a tenants' union. Docket 1 at 1, 5, 7; Docket 5 at 9.

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "Under 28 U.S.C. § 1915, the decision whether to grant or deny in forma pauperis status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). The court finds that Leigh satisfies § 1915 and grants his motion for leave to proceed in forma pauperis.

Because Leigh is proceeding pro se, his pleadings must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted). But a plaintiff

seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction.

"[F]ederal courts are courts of limited jurisdiction[.]" *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). A district court "has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'" *Id.* (alteration in original) (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010)). Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" Thus, federal courts have subject matter jurisdiction through federal question jurisdiction or diversity jurisdiction.

First, the court will consider whether it has federal question jurisdiction. Leigh does not raise a federal question. "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (alteration in original) (quoting *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)). In his original complaint, Leigh cites no federal civil statute for his

claim, instead repeating the nature of suit code for housing and accommodations issues under civil rights. Docket 1 at 7. In the supplement to his complaint, Leigh alleges that Britzman endorses "management policies that violate the Fair Housing Act." Docket 5 at 1.

The court liberally construes Leigh's complaint and supplement as a claim under the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and under the Civil Rights Act, 28 U.S.C. § 1983. The Fair Housing Act allows a claim for retaliatory evictions that are discriminatory. *See* 42 U.S.C. § 3617; *see also Neudecker v. Boisclair Corp.*, 351 F.3d 361, 364 (8th Cir. 2003) (finding that threats of eviction "sufficiently alleged an adverse action" to advance past the pleading stage). But Leigh does not allege discrimination based on a protected class and cannot bring a claim under the Fair Housing Act. "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2003). Because the Fair Housing Act does not recognize a private cause of action, he is not provided one by § 1983. *See id.* Thus, Leigh does not raise a federal question.

Second, the court will consider whether it has diversity jurisdiction. Diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). "Complete diversity of citizenship exists where no defendant holds citizenship

in the same state where any plaintiff holds citizenship." *Id.* Here, Leigh's claim lacks complete diversity because Leigh and all defendants are residents of South Dakota. Docket 1 at 2; Docket 5 at 9. Thus, the claim does not fall under diversity jurisdiction.

Because Leigh's claim does not present a federal question or have complete diversity, this court does not have jurisdiction to hear this claim. Thus, it is

ORDERED that Leigh's motion to proceed in forma pauperis (Docket 2) is granted.

IT IS FURTHER ORDERED that Leigh's complaint (Docket 1) is dismissed without prejudice for lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that Leigh's motion to appoint counsel (Docket 3) is denied as moot.

Dated August 16, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE